IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| RUSSELL ROBINSON, JR., #01941253,  §<br>        Petitioner,                                         §<br>                                                                 §<br>v.                                                              §<br>                                                                 §<br>LORIE DAVIS, Director,                           §<br>Texas Department of Criminal Justice,   §<br>Correctional Institutions Div.,                  §<br>        Respondent.                                    § | CIVIL CASE NO. 3:16-CV-3074-D-BK |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, Robinson's petition for writ of habeas corpus under 28 U.S.C. § 2254 was referred to the United States magistrate judge for findings, conclusions, and recommendation. Upon review of the relevant pleadings and applicable law, the petition for writ of habeas corpus should be **DENIED**.

**I. BACKGROUND**

A jury convicted Robinson of the offense of Continuous Violence Against the Family, in violation of TEX. PENAL CODE § 25.11, and sentenced him to 99 years' imprisonment. *State v. Robinson*, No. 38602CR (40th Jud. Dist. Court, Ellis Cty., Tex., Jul. 28, 2014), *aff'd*, 10-14-00231-CR, 2015 WL 5311845 (Tex. App.—Waco Sep. 10, 2015, pet. ref'd). Subsequently, the Texas Court of Criminal Appeals dismissed Robinson's first state habeas application because his conviction was not yet final, and denied his second application on the findings of the trial court without issuing a written order. *Ex parte Robinson*, No. 84,445-01, Doc. 12-15 (Tex. Crim. App.

June 15, 2016); *Ex parte Robinson*, No. 84,445-02, Doc. 12-20 (Tex. Crim. App. Sep. 28, 2016).¹

On November 2, 2016, Robinson filed the *pro se* federal habeas petition in this case, asserting ineffective assistance of counsel, prosecutorial misconduct, and his actual innocence. Doc. 2 at 6-8; Doc. 3 at 3-14. Respondent maintains the claims lack merit. Doc. 13. Robinson has filed an original and a supplemental reply. Doc. 16; Doc. 17.

The following summary of the facts is taken verbatim from the unpublished opinion issued on the direct appeal of this case:

> Officer Chad Bolton, with the Ennis Police Department, testified that on November 14, 2013, he was dispatched to a residence in response to a domestic disturbance. When he arrived at the residence, Lameshia Thompson ran from the residence to Office [sic] Bolton's car. She told him that she had been assaulted. Officer Bolton testified that he could see injuries on Thompson, including blood on her lip. Officer Bolton made contact with Russell Robinson, Jr., who admitted hitting Thompson in her face. Robinson was placed under arrest for assault family violence. Thompson testified that at the time of the assault she lived with Robinson and that they were in a dating relationship. She further testified about previous altercations where Robinson hit her in the face and head.

*Robinson*, 2015 WL 5311845, at *1.

## II. ANALYSIS

Robinson is not entitled to habeas corpus relief unless the state court's adjudication on the merits:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

---

¹ The state habeas court record is available at Doc. 12-21, the clerk's record (C.R.) is available at Doc. 11-5, and the reporter's record (R.R.) is available at Doc. 11-10 through Doc. 11-20.

28 U.S.C. § 2254(d).

Robinson bears the burden of establishing that he is entitled to relief. *Woodford v. Visciotti*, 537 U.S. 19, 25 (2002). However, that burden is "difficult to meet," *Harrington v. Richter*, 562 U.S. 86, 102, 105 (2011), because the state court's decision is reviewed under a "highly deferential" standard and afforded the "benefit of the doubt." *Woodford*, 537 U.S. at 24 (citation and internal quotation marks omitted). Section 2254(d) "was meant to stop just short of imposing a complete bar to federal court relitigation of claims already rejected in state court proceedings, allowing for federal habeas relief only where there have been 'extreme malfunctions in the state criminal justice systems.'" *Wilson v. Cain*, 641 F.3d 96, 100 (5th Cir. 2011) (*quoting Richter*, 562 U.S. at 102)). Consequently, as long as "'fairminded jurists could disagree' on the correctness of the state court's decision," federal habeas relief should not be granted. *Richter*, 562 U.S. at 102 (*quoting Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). Explained differently, "even if the federal court disagrees with the state court ruling, the federal court should not grant habeas relief unless the state court ruling was objectively unreasonable." *Wilson*, 641 F.3d at 100; *see Richter*, 562 U.S. at 101 ("an *unreasonable* application of federal law is different from an *incorrect* application of federal law") (quotations and quoted case omitted; emphasis in original).

The Court reviews claims of ineffective assistance of counsel under a "doubly deferential" standard, taking "a 'highly deferential' look at counsel's performance," under *Strickland v. Washington*, 466 U.S. 668, 689 (1984), "through the 'deferential lens of § 2254(d).'" *Cullen v. Pinholster*, 563 U.S. 170, 190 (2011) (quoted cases omitted). In light of the

deference accorded by section 2254(d)(1), "[t]he pivotal question is whether the state court's application of the *Strickland* standard was unreasonable." *Richter*, 562 U.S. 86, 101.

To establish ineffective assistance of counsel at trial, a petitioner must show that counsel's performance was deficient and that the deficient performance prejudiced the defense. *Strickland*, 466 U.S. 668, 687. The Court need not address both components if the petitioner makes an insufficient showing on one. *Id.* at 697. To establish deficient performance, a petitioner must show that his attorney's actions "fell below an objective standard of reasonableness." *Id.* at 689. In evaluating an attorney's performance, there is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," or that under the circumstances the challenged action might be considered sound trial strategy. *Id.* at 689. Under *Strickland*'s prejudice prong, a petitioner additionally must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

### A. Ineffective Assistance of Counsel at Trial

The State habeas court summarily denied Robinson's five claims of ineffective assistance of counsel at trial. Doc. 12-21 at 117. Applying the appropriate deference and having independently reviewed Robinson's claims and the state court record, the Court concludes the state court's application of *Strickland* was not objectively unreasonable.

#### a. Failure to investigate and request a witness to testify

Robinson asserts trial counsel rendered ineffective assistance when he failed to investigate the circumstances of the case and evidence, including the proposed testimony of Angela Wafford, whom the State had subpoenaed, but did not call to testify at trial. Doc. 2 at 6;

Doc. 3 at 3-4. Robinson offers Wafford's affidavit, which was previously submitted with his state habeas application. Doc. 3 at 54-55; Doc. 12-21 at 48-49. In her affidavit, Wafford avers that the prosecutor "attempted to coach" her into giving "false testimony against the defendant," and that, when Wafford advised she would not lie and would testify that the complainant "was not telling the truth . . . to law enforcement officials," the prosecutor "was very upset" and told her it was in her best interest "to stay away from the Court house." *Id.* Wafford also avers that prior to trial, she spoke to defense counsel and informed him that she lived with the complainant and Robinson and that the complainant "would act aggressive toward [Robinson]." *Id.* Additionally, Wafford states that she advised counsel that she was willing to testify that the complainant "was not telling law enforcement the truth" and, thus, Robinson "was not guilty as charged." *Id.*

      Robinson does not present any factual support for his claim that counsel was ineffective for failing to investigate. Allegations of a counsel's failure to investigate must state with specificity what the investigation "would have revealed and how it would have altered the outcome of the trial." *See Lockett v. Anderson*, 230 F.3d 695, 713 (5th Cir. 2000). "Mere conclusory allegations in support of a claim of ineffective assistance of counsel are insufficient to raise a constitutional issue." *Green v. Johnson*, 160 F.3d 1029, 1042 (5th Cir. 1998). Here, Robinson offers no facts to indicate how counsel's investigation was deficient. He does not identify any incident or occurrence that counsel should have investigated further. Robinson also does not allege, much less establish, how further investigation would have aided his defense and, ultimately, changed the outcome of his trial. *Id.* at 694 (to establish prejudice, a petitioner must

demonstrate that "but for counsel's unprofessional errors, the result of the proceeding would have been different").

Specifically, as to Wafford, she avers in her affidavit that she indeed spoke with defense counsel before trial. Robinson does not explain what further investigation was required. *See Strickland*, 466 U.S. 668, 689 (to establish deficient performance, a petitioner must show that his attorney's actions "fell below an objective standard of reasonableness"). Even assuming the veracity of Wafford's affidavit, Robinson has not overcome the strong presumption that defense counsel's decision not to call Wafford as a witness was a strategic one. *See Murray v. Maggio, Jr.*, 736 F.2d 279, 282 (5th Cir. 1984); *see also Alexander v. McCotter*, 775 F.2d 595, 602 (5th Cir. 1985) (noting that presentation of witness testimony is essentially strategy and, thus, within trial counsel's domain).

Conversely, there is support in the record for the conclusion that such decision was sound trial strategy. First, is the fact that Wafford had a prior, violent relationship with Robinson. During the punishment phase of trial, Wafford's uncle and son testified that Robinson had repeatedly assaulted, threatened, and harassed Wafford during this prior relationship. Doc. 11-15 at 25-27; Doc. 11-15 at 37-39 (6 R.R.). In light of that, Wafford would likely have been cross-examined regarding her own prior violent relationship with Robinson, had she testified during the guilt-innocence phase of Robinson's trial.

Furthermore, Wafford's testimony would have been cumulative of the testimony of Danielle Lillie, Robinson's cousin. Doc. 11-12 at 62-63; *see Coble v. Quarterman*, 496 F.3d 430, 436 (5th Cir. 2007) ("Counsel's decision not to present cumulative testimony does not constitute ineffective assistance."). Lillie testified that she lived with the complainant and

Robinson during the time of the events at issue and that, while she did not see Robinson assault the complainant, the complainant was "aggravating" – in that she was relentless in "picking at" Robinson – which is substantially like Wafford's assertion in her affidavit that the complainant was aggressive.  Doc. 11-12 at 63, 67, 69-70 (3 R.R.).  Moreover, because Lillie did not testify that any other person lived in Robinson's home during the period in question, it suggests an inconsistency in Wafford's statement, insofar as Wafford also claimed to be living in the home.

Even if Robinson could demonstrate deficient performance, he does not allege, much less establish, prejudice – namely that there is a reasonable probability that, but for counsel's allegedly deficient performance, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694.  The record reflects that ample evidence of Robinson's guilt was presented at trial. actions "fell below an objective standard of reasonableness").

In sum, Robinson cannot overcome the strong presumption that he received effective assistance of counsel at trial.  He has also failed to meet his burden of demonstrating that the state court's denial of relief was an unreasonable application of federal law.  Thus, his ineffective assistance of counsel claims fail.

### b.  Failure to Dismiss Indictment and Move for Directed Verdict

Next, Robinson asserts counsel rendered ineffective assistance in failing to move to dismiss the indictment and seek a directed verdict when the State failed to prove that a second incident of family violence had occurred on November 7, 2013.  Doc. 3 at 4-6; Doc. 16 at 2-3.  Robinson's argument is unsupported and erroneous.  In fact, the indictment charged Robinson with causing bodily injury to the complainant "on or about" November 14 and November 7, 2013—two separate occasions within a 12-month period as required by TEX. PEN. CODE ANN. §

25.11(a) (West 2017).² Doc. 11-5 at 8.  During closing argument, after the court sustained the State's objection to defense counsel's argument suggesting that the State was required to prove the assaults on the dates pled in the indictment, defense counsel conceded that the exact date of the two assaults was immaterial and that the State only needed to prove beyond a reasonable doubt that "there were at least two of those incidents within a period of one year."  Doc. 11-13 at 125-26 (4 R.R.).

Moreover, contrary to Robinson's assertion, the State did not need "formal documentation[] or [a] police report" to support the second incident of family violence, which was established by the compelling evidence presented at trial.  Doc. 3 at 7.  Additionally, despite Robinson's protests, Doc. 3 at 4, the jurors were the exclusive judges of the credibility of all witnesses, including the complainant, and the weight of the evidence.  Thus, there was no non-frivolous basis for counsel to move to dismiss the indictment or request a directed verdict.  *See Koch v. Puckett*, 907 F.2d 524, 527 (5th Cir. 1990) ("counsel is not required to make futile motions or objections"); *Green*, 160 F.3d 1029, 1037 (failure to make a frivolous objection is not deficient performance).  As such, Robinson's related assertions that trial counsel was ineffective for failing to object to the court's charge that alleged two violations within a 12-month period without proper supporting documentation, Doc. 3 at 10; Doc. 11-5 at 111 (*Charge of the Court*), argument also lacks merit.

---

² TEX. PEN. CODE § 25.11(a) provides that "[a] person commits an offense [of continuous family violence] if, during a period that is 12 months or less in duration, the person two or more times engages in conduct that constitutes an offense under Section 22.01(a)(1) against" a member of his family or household or someone with whom he has or has had a dating relationship.

Again, Robinson has failed to meet his burden of demonstrating that the state court's decision rejecting his ineffectiveness claim was unreasonable and so this claim also fails.

### c. Failure to Object

Additionally, Robinson claims counsel should have objected to (1) Facebook evidence admitted during the guilt-innocence phase of trial, Doc. 2 at 7, and (2) extraneous acts introduced as punishment evidence, to-wit: an audio recording of a threatening voice mail, Doc. 2 at 7, Doc. 3 at 9, and evidence of a murder that Robinson was alleged to have committed, Doc. 3 at 6-9. However, he again fails to demonstrate the merit of any such objection. Counsel indeed objected to the Facebook evidence, Doc. 11-12 at 82, and to the extraneous murder evidence, Doc. 11-15 at 87. Nevertheless, the state court of appeals affirmed the admission of the evidence on direct appeal. *Robinson*, 2015 WL 5311845, at *2 (concluding the Facebook conversation was not hearsay because it was not offered to prove the truth of the matter asserted, but to show why 9–1–1 was called and why the police arrived at the residence, and finding the extraneous murder evidence was properly admitted during punishment because the prosecutor showed beyond a reasonable doubt that the crime was attributable to the defendant).

Robinson has not specified any additional objection counsel should have raised to the Facebook evidence. Doc. 2 at 7. And his bare assertions and hindsight conclusions regarding counsel's performance during the punishment evidence – that counsel should have re-urged the objection to the extraneous murder evidence, presented "proper documentation" that Robinson did not commit the prior bad acts, and secured a voice recognition expert to prove that Robinson did not leave a threatening voice mail for Wafford, Doc. 3 at 9 – are not sufficient to demonstrate that defense counsel's performance fell below an objective level of reasonableness. *See Ross v.*

*Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983) ("Absent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his pro se petition . . . to be of probative evidentiary value."); *Green*, 160 F.3d 1029, 1042 ("Mere conclusory allegations in support of a claim of ineffective assistance of counsel are insufficient to raise a constitutional issue."). Moreover, as the state court of appeals held, "the punishment phase requires the jury only find that these prior acts are attributable to the defendant beyond a reasonable doubt." *See Robinson*, 2015 WL 5311845, at *2; *see* TEX. CRIM. PROC. CODE ANN. art. 37.07 § 3(a) (West 2017) ("evidence may be offered by the state and the defendant as to any matters the court deems relevant to sentencing including but not limited to ... evidence of an extraneous crime or bad act that is shown beyond a reasonable doubt by evidence to have been committed by the defendant or for which he could be held criminally responsible, regardless of whether he has previously been charged with or finally convicted of the crime or act").

Finally, Robinson has not alleged, much less established, prejudice. *See Strickland*, 466 U.S. at 694. He plainly fails to establish a reasonable probability that, but for counsel's allegedly deficient performance, the result of the proceeding would have been different. *Mallard v. Cain*, 515 F.3d 379, 383 (5th Cir. 2008) ("a conclusory assertion is insufficient to show prejudice under . . . *Strickland*"). In sum, Robinson cannot demonstrate that the state court's decision rejecting his claims of ineffective assistance of counsel was in any way unreasonable. Thus, he cannot prevail.

### B. Prosecutorial Misconduct

Next, Robinson asserts the prosecutor (1) suppressed evidence favorable to his defense, specifically that Wafford was willing to testify, and (2) knowingly presented perjured testimony

from the complainant and State Investigator Randy Owen. Doc. 2 at 6-7; Doc. 3 at 11-13. However, Robinson has not shown that any evidence in support of that claim. *See Brady v. Maryland*, 373 U.S. 83, 87 (1963) (to establish a *Brady* violation, a petitioner must prove (1) the prosecutor suppressed or withheld evidence (2) that was favorable and (3) material to his guilt or punishment). Indeed, Wafford concedes in her affidavit that the State had subpoenaed her to testify at trial and that she had spoken with Robinson's counsel before trial. Doc. 3 at 54 (Wafford's affidavit); *see also* Doc. 12-21 at 103 (prosecutor's affidavit).

Likewise, Robinson's mere assertions do not establish that material, false or misleading testimony was admitted at trial. *See Knox v. Johnson*, 224 F.3d 470, 477 (5th Cir. 2000) (to prove a Due Process Clause violation based on the state's reliance on false testimony, the defendant must establish: "(1) that a witness for the State testified falsely; (2) that such testimony was material; and (3) that the prosecution knew that the testimony was false") (citing *Giglio v. United States*, 405 U.S. 150, 153 (1972)); *see also Napue v. Illinois*, 360 U.S. 264, 269-71 (1959). Robinson's conclusory assertions that the victim's testimony was coached and that Owen's testimony was inconsistent or contradictory, fall far short of establishing perjury. Doc. 3 at 11-12; *see Ross*, 694 F.2d 1008, 1011 (without evidence in the record, "a court cannot consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition . . . , unsupported and unsupportable by anything else contained in the record, to be of probative evidentiary value").

In his reply, Robinson complains that the prosecutor allegedly coached Wafford to give false testimony and, when she refused, told her to leave the courthouse and not return. Doc. 16 at 6. The state habeas court rejected this claim, finding, based on the prosecutor's affidavit

Page 11 of 15

statements that it deemed credible, that the prosecutor "did not attempt to coach Angela Wafford to give false testimony against Applicant and did not tell Wafford that it would be in her best interest to not appear at the courthouse for trial." Doc. 12-21 at 117. This determination is entitled to a presumption of correctness and Robinson has not produced clear and convincing evidence to rebut the same. 28 U.S.C. § 2254(e)(1).

In sum, Robinson again fails to meet his burden of showing that the state court's determination rejecting these issues was contrary to, or involved an unreasonable application of, clearly established federal law. Therefore, his claims fail.

### C. Ineffective Assistance of Counsel on Appeal

Robinson asserts appellate counsel should have challenged the sufficiency of the evidence and the defective indictment on direct appeal. Doc. 2 at 8; Doc. 3 at 7-8. However, he cannot show that counsel's performance was deficient and that it prejudiced him. *See Smith v. Robbins*, 528 U.S. 259, 285-86 (2000) (applying *Strickland* standard in evaluating the ineffective assistance of appellate counsel). Appellate counsel "need not (and should not) raise every nonfrivolous claim, but rather may select from among them in order to maximize the likelihood of success on appeal." *Id.* at 288 (citing *Jones v. Barnes*, 463 U.S. 745, 751-52 (1983)). It is counsel's professional duty to choose among potential issues, according to his judgment as to their merit and his tactical approach to maximize the likelihood of success on appeal. *Jones*, 463 U.S. at 752; *Schaetzle v. Cockrell*, 343 F.3d 440, 445 (5th Cir. 2003) (counsel is obligated only to raise and brief those issues that are believed to have the best chance of success).

For the reasons detailed *supra*, Robinson has not demonstrated that the defective indictment and sufficiency of the evidence issues, which he contends appellate counsel should

have raised, were clearly stronger than the issues counsel did pursue on direct appeal.  *See Smith, 528 U.S. at 288* ("[g]enerally, only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome") (quotations and quoted case omitted).  Again, contrary to Robinson's assertions, the State did not need either "formal documentation" or a "police report to support the State's charging instrument," and could rely instead on the ample testimony presented at trial.  Doc. 3 at 7.  Because Robinson cannot demonstrate the state court's decision rejecting his ineffectiveness claim was unreasonable, he cannot prevail.

### D.  Actual Innocence

Lastly, Robinson contends that he is actually innocent of the underlying crime.  Doc. 2 at 7.  He relies again on Wafford's affidavit that she would have testified at trial about the complainant's violent behavior toward Robinson.  Doc. 3 at 13; Doc. 3 at 54-55.  However, the affidavit does not constitute *new evidence*, but rather evidence that was clearly available at Robinson's trial.  *See McQuiggin v. Perkins,* 569 U.S. 383, 386 (2013) (to show actual innocence a petitioner must show "that, in light of the *new evidence*, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt") (quotations and quoted case omitted; emphasis added).  As previously noted, the State had subpoenaed Wafford to testify at trial and she had personally informed defense counsel prior to trial about her willingness to testify.  *See Lucas v. Johnson*, 132 F.3d 1069, 1074 (5th Cir. 1998) (concluding evidence that "in its essence and character, was presented, or available to present, to the trial jury" was not newly discovered evidence).

That notwithstanding, actual innocence is not cognizable as a freestanding federal habeas claim. *Reed v. Stephens*, 739 F.3d 753, 766-68 (5th Cir. 2014) (summarizing circuit precedent precluding freestanding actual innocence claim); *Foster v. Quarterman*, 466 F.3d 359, 367-68 (5th Cir. 2006) ("actual-innocence is *not* an independently cognizable federal-habeas claim") (emphasis in original); *Burton v. Stephens*, 543 F. App'x 451, 458 (5th Cir. 2013) ("The Supreme Court has not recognized actual innocence as an independent ground for federal habeas corpus relief.") (citing *Perkins*, 569 U.S. at 386). Accordingly, Robinson has not met his burden of showing that the state court's denial of this claim was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court. Consequently, this claim also fails.

### E. Evidentiary Hearing

Robinson appears to request an evidentiary hearing. Doc. 3 at 15. However, "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011); *see also Blue v. Thaler*, 665 F.3d 647, 656 (5th Cir. 2011) (same rule applies to factual determinations under section 2254(d)(2)). Here, as in *Pinholster*, the petition only asserts claims that were previously adjudicated on the merits in state court. Robinson cannot overcome the limitation of section 2254(d)(1) on the record that was before the state court. Accordingly, he is not entitled to an evidentiary hearing.

## III. RECOMMENDATION

For the foregoing reasons, the petition for writ of habeas corpus should be **DENIED**.

**SIGNED** July 27, 2018.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE